# McCaslin *v.* Metropolitan Life Insurance Company, Appellant.

*Insurance—Life insurance—Application attached to policy—Act of May 11, 1881, P. L. 20—Misrepresentation.*

In an action upon a policy of life insurance where the defendant alleges misrepresentations in the application, but the plaintiff avers that the paper attached to the policy was merely a copy of the original application and produces a paper which the testimony of a number of witnesses tends to show was the original application, and an inspection of the papers shows that the paper not attached to the policy represented that the mother of the insured died at the age of forty-two while that attached stated that she died at the age of forty-five, and the jury by its verdict establishes the fact that the original application was not attached to the policy, all offers of evidence relating to misrepresentations as to the health of the insured made in the application are irrelevant and immaterial.

Argued Nov. 17, 1914. Appeal, No. 242, Oct. T., 1913, by defendant, from judgment of C. P. Del. Co., June T., 1910, No. 264, on verdict for plaintiff in case of Sarah M. McCaslin v. Metropolitan Life Insurance Company. Before Rice, P. J., Orlady, Head, Kephart and Trexler, JJ. Affirmed.

Assumpsit on a policy of life insurance. Before Broomall, J.

At the trial the jury returned a verdict for plaintiff for $571.25.

On a rule for judgment n. o. v., and for a new trial Broomall, J., filed the following opinion:

This is a suit brought by the plaintiff against the defendant on a life insurance policy. By this policy the defendant insured the life of John H. Magaw, and undertook to pay to him $500 at the end of twenty years, if he were then living, and the policy then in force, or if he should die before the expiration of twenty years, the defendant undertook to pay the plaintiff $500. She was named in the policy as the beneficiary

in the contingency mentioned without right of revocation. The first premium was paid by the insured. He died before the second installment of premium became due. There was no undertaking by the plaintiff to pay the premiums. She was the aunt of the insured. This did not confer on her any insurable interest, neither was there any relation between them shown, by which she could have an insurable interest. Nevertheless, this was not a wagering policy. "A man may insure his own life paying the premiums himself, for the benefit of another who has no insurable interest; such a transaction is not a wagering policy:" Scott v. Dickson, 108 Pa. 6; Hill v. United Life Insurance Association, 154 Pa. 29; Northwestern Masonic Aid Association v. Jones, 154 Pa. 99; Overbeck v. Overbeck, 155 Pa. 5; Schaefer's Est., 194 Pa. 420; 25 L. R. A. 628, note 16 L. R. A. (N. S.) 555, note. The defendant's contention that this was a wagering policy is not tenable.

The parties went to trial on a statement of plaintiff's claim, wherein the plaintiff declared on the policy alone. The defendant objected on trial to the action as disclosed by the statement, because the policy refers to the written application and makes it part of the contract. Objection was also made to the admission of the policy in evidence for the same reason. The defendant contended that the policy was only part of the contract, while the plaintiff contended that it was the whole of the contract, because the paper annexed to the policy purporting to be a copy of the application was not a copy. Upon the plaintiff undertaking to prove that it was not a copy, the objections of the defendant were overruled. The plaintiff subsequently introduced the original application in evidence for the purpose of showing that the paper annexed to the policy was not a copy of the application. We held that it was not a copy. The objections that the policy was only a part of the contract are without force. If a correct copy of the application is not attached to the policy,

in accordance with the requirements of the Act of May 11, 1881, P. L. 20, it is no part of the contract, and it is to be considered as if no such paper existed and a recovery may be had upon the policy alone: Imperial Insurance Co. v. Dunham, 117 Pa. 460; Hebb v. Kittanning Insurance Co., 138 Pa. 174; Pickett v. Pacific, etc., Insurance Co., 144 Pa. 79; Mahon v. Pacific, etc., Insurance Co., 144 Pa. 409; Haverstick v. Fire Association, 156 Pa. 333; Zimmer v. Cent. Accident Insurance Co., 207 Pa. 472; Muhlenberg v. Insurance Co., 211 Pa. 432; Moore v. Bestline, 23 Pa. Superior Ct. 6.

The paper which the plaintiff offered as the original application for the purpose of showing that the paper attached to the policy was not a copy of it, was supported by oral testimony tending to show that it was the original application. This question was submitted to the jury and they were charged that, if the paper was the original application, then the paper annexed to the policy was not a copy of it, and they should give the original application and the representations contained in it no consideration, and the verdict should be for the plaintiff; but if they should conclude that the paper was not the original application, then they should take up the answers or representations contained in the copy annexed to the policy, and if they found them to be untrue, the verdict should be for the defendant. This was submitted notwithstanding the defendant did not put the application in evidence, and this reference to the jury was made to rest on the copy. Of this, however, the defendant cannot complain. This appears to be without errors, if the court was right in ruling that the paper annexed to the policy was not a copy of the application. This is the crux of the case. The verdict was in favor of the plaintiff. The application represents that the mother of the insured died at the age of forty-two, while the copy states that she died at the age of forty-five. Is this material to the risk and such a variance as deprives the paper annexed

of the character of a correct copy within the contemplation of the act of 1881? It is stated in the application as an inducement, inter alia, for the procurement of the policy and is stated in the policy to be part of the contract. "The test of the materiality of a misrepresentation or concealment is that it influences the insurer in determining whether to accept the risk:" May on Insurance, par. 184; Carson v. Metropolitan L. Insurance Co., 1 Pa. Superior Ct., 572. Tried by this test the representation as to how long the mother lived was material to the risk. Was the variance material to the insured? For in the words of DEAN, J., in Susquehanna, etc., L. Insurance Co. v. Oberholtzer, 172 Pa. 223, as long as the error is not such as would probably mislead the insured, the policy copy is a substantial compliance with the act of assembly, although it may not be a literally correct copy. Let us apply this test of a probable misleading of the insured. The company by the policy copy says to the insured that his mother died at the age of forty-five, and that the contract was made upon that basis, and that such is his contract. He thereupon relies upon having made such representation. Subsequently upon suit on the policy, the insurer claims immunity for the reason that she died at the age of forty-two, and produces the application as evidence to show that she died at that age. The act of 1881 steps in at that point and says that the insurer may not put in evidence the application, unless it is correctly copied in the policy, and thereby saves the insurer from being unwarily entrapped. We, therefore, conclude that the variance was a material one, and that the policy is not a correct copy of the application. A distinction must be observed between an offer of the application as evidence of the fact that the mother died at forty-two on the one hand, and an offer of the application as part of the contract on the other. In the latter event it would show a contract more favorable to the insured than shown by the papers

in his possession, to wit: That the mother died at an earlier age. The insurer would not offer it for the latter purpose, and the insured could have no objection to it for that purpose; but the insurer would introduce the application were it not for the act of 1881, as evidence of the fact that the mother had died at an earlier age than stated in the policy. The act of 1881 is to be applied in accordance with its letter and spirit, although a meritorious defense may be excluded: Morris v. State Mut. Assurance Co., 183 Pa. 563.

A variance which prevents the admission of the application under the act of 1881 is to be determined from an inspection of the papers. It makes no difference that the use proposed to be made of the application has no relation to the inaccuracy of the copy: Greiner v. Safety Mut. Insurance Co., 40 Pa. Superior Ct. 387.

    \*    \*    \*    \*    \*    \*    \*    \*

The other objection of the defendant to the trial is the answers of the court to the points of the defendant numbered from three to nine, inclusive. It is complained that they should have received an unqualified affirmance, which they did not get. Upon this challenge they all hung together and the first of them may be taken as a sample. It was, if John Howard Magaw, the deceased, prior to the date of the application for the policy in suit had consumption, there can be no recovery in this suit and the verdict must be for the defendant. To have unqualifiedly affirmed this point would be to say as matter of law that no consumptive can make a valid contract of insurance. A fire insurance company may legally bind itself to an insurance of a powder mill, if so disposed. A point on this line should have also been predicated on a representation that he did not have consumption, and the evidence of this depended on whether the paper in evidence was the application, and whether the paper annexed to the policy was a correct copy of it. These points were not susceptible of an unqualified affirmance.

480   McCASLIN *v.* METROPOLITAN L. I. CO., Appellant.

Opinion of Court below—Opinion of the Court.   [59 Pa. Superior Ct.

We, therefore, refuse defendant's motion for judgment n. o. v., and refuse the motion for a new trial.

*Error assigned* was in entering judgment for defendant n. o. v.

*W. Roger Fronefield* and *Arthur G. Dickson*, for appellant.—Having in mind that the act of 1881 was passed to keep the applicant's statements before his eyes so that he might know his contract and if it contained errors, he might have them rectified before it became too late: Lenox v. Greenwich Ins. Co., 165 Pa. 575; Muhlenburg v. Mut. F. Ins. Co., 211 Pa. 432.

It is submitted that the difference in the copy, attached to the policy, from the original, is so immaterial, that the court will say it is to all intents a correct copy, as there is no variance which might mislead the insured: March v. Metropolitan L. Ins. Co., 186 Pa. 629; Hermany v. Fidelity Mut. L. Assn., 151 Pa. 17; Carson v. Metropolitan L. Ins. Co., 1 Pa. Superior Ct. 572; Greiner v. Safety Mut. F. Ins. Co., 40 Pa. Superior Ct. 387.

The insured correctly represented that his mother died at forty-two. If she had died at forty-five, the company could not have suffered by it, hence not material or at least its materiality must be referred to the jury: March v. Metropolitan L. Ins. Co., 186 Pa. 629; Lutz v. Ins. Co., 186 Pa. 527.

*W. S. Sykes*, for appellee.

OPINION BY ORLADY, J., April 19, 1915:

Each of the assignments of error urged by the appellant is considered by Judge BROOMALL in the opinion filed in which the motions for a new trial and for judgment non obstante veredicto are refused, and we affirm the judgment for the reasons therein stated.

HEAD and TREXLER, JJ., dissent.